UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID CHARLES SUSSMAN,

    Plaintiff,

v.                                       Case No. 4:20cv367-WS-HTC

MARK S. INCH,

    Defendant.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, David Charles Sussman, proceeding *pro se*, filed a complaint attempting to assert claims under 42 U.S.C. § 1983 (ECF Doc. 1) and a motion for leave to proceed *in forma pauperis* (ECF Doc. 2). The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing Plaintiff's complaint and litigation history, the undersigned finds that Plaintiff's motion for leave to proceed *in forma pauperis* should be DENIED and recommends that this case be DISMISSED WITHOUT PREJUDICE because Plaintiff (1) has three strikes under 28 U.S.C. § 1915(g), (2) has not shown he is under imminent danger of serious physical injury, and (3) has failed to pay the requisite filing fee upon initiating this suit.

## I.   BACKGROUND

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Florida State Hospital, files this action against the Secretary of the FDOC, seeking injunctive relief. Plaintiff did not use this Court's forms, but instead filed a handwritten complaint consisting of 367 pages, with exhibits. Plaintiff titles his complaint "42 U.S.C. § 1983 Civil Rights Complaint Alleging Imminent Danger; Motion For Preliminary Injunction (TRO) And Motion To Join This Case With Harvard v. Inch, 4:19-cv-212 (N.D. Fla.)."[1] ECF Doc. 1. Plaintiff alleges "unconstitutional retention in solitary confinement; abuse by DOC staff; the DOC's failure to protect him from violence, and deliberate indifference to his protection needs; and its improper consideration of retaliatory acts by DOC staff or the DCO itself when it assigned him to CM." ECF Doc. 1 at 2. Additionally, Plaintiff admits that he has filed several suits in federal courts that "dealt or deal substantially with some (but not all) of the facts alleged herein." *Id.*

## II.  THE THREE-STRIKES PROVISION OF THE PRISON LITIGATION REFORM ACT ("PLRA"), 28 U.S.C. § 1915(g)

Under the PLRA, a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases which have been dismissed for failure to state a claim, or as frivolous or malicious. Specifically, 28 U.S.C. § 1915(g) provides:

---

[1] Chief Judge Walker, in the *Harvard* case, denied Sussman's motion to join the *Harvard* action.

Case No. 4:20cv367-WS-HTC

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

### III. APPLICATION TO PLAINTIFF

As stated above, Plaintiff admits he has filed at least three (3) cases which have been dismissed based on a ground set forth in 28 U.S.C. § 1915(g). ECF Doc. 1 at 1. The Court has verified this admission and takes judicial notice that Sussman incurred strikes in the following four (4) cases: *Sussman v. McNeil*, 3:09-cv-00694-HLA-MCR (dismissed for failure to state a claim); *Sussman v. Fuller*, 3:10-cv-00045-TJC-TEM (dismissed as frivolous under 28 U.S.C. § 1915A(b)); *Sussman v. Shorestein, et al*, 3:12-cv-00985-TJC-TEM (dismissed as frivolous and for failure to state a claim); *Sussman v. Will*, 6:13-cv-541-PCF-KRS (dismissed for failure to state

a claim).[2] Despite having obtained 3-strike status as early as 2013, Plaintiff contends here that he should be able to proceed with this action because "he sufficiently" alleges an imminent danger of serious physical injury and cites to paragraphs 19-28 and 54 of his complaint (with accompanying footnotes). *Id.*

The undersigned disagrees. In paragraph 54, Sussman simply references paragraphs 19-28 and their accompanying footnotes. ECF Doc. 1 at 35. In paragraphs 19-28, he alleges that he is effectively always in solitary confinement because of (1) his mental health issues, (2) retaliation for complaining about his treatment by guards, and (3) the danger of attack by other prisoners due to guards telling them that he is a child sex offender. *Id.* at 14-22. He alleges this causes the following: (1) being perpetually housed in solitary confinement causes psychological harm, (2) being perpetually in solitary confinement might cause him to self-harm, and (3) he is subject to the possibility of attacks because he was attacked in 2008, 2009, 2011, 2012, 2019 and "learned of" a conspiracy to harm him in 2020. *Id.*

As discussed below, none of these alleged risks of harm meet the imminent danger exception to 28 U.S.C. § 1915(g).

---

[2] Plaintiff also filed the following federal cases, which were dismissed under 28 U.S.C. § 1918(g): *Sussman v. Hampton*, 1:13-cv-22818-KMW, judgment affirmed in USCA case number 15-15358-GG, and *Sussman v. FDOC*, 3:13-cv-1039-J-99TJC-TEM.

Case No. 4:20cv367-WS-HTC

### A. Psychological Harm Does Not Satisfy the Serious Physical Injury Exception to 28 U.S.C. § 1915(g)

Sussman's allegation of potential psychological harm is not sufficient to satisfy the § 1915(g) imminent-danger exception because that section requires a serious risk of *physical* injury. "Fear, psychological stress, and mental anguish are not physical injuries as required by the statute." *Taylor v. Allen*, No. CIV.A.07-0794-CG-M, 2009 WL 1758801, at *3 (S.D. Ala. June 16, 2009) (citing *Joiner v. Astrue,* 2009 WL 1151869, at *1 (M.D. Ala. April 29, 2009) (finding that mental and emotional distress, emotional pain and suffering, and personal humiliation were conclusory allegations and failed to identify a serious or physical injury under the imminent danger exception)).

Sussman also makes a passing reference to "physiological harm" flowing from the "psychological harm" in paragraph 19 of the complaint. Paraphrasing from the claims in *Harvard*, Sussman claims that "the cumulative effects of various forms of deprivation associated with the DOC's isolation policy subjects him to a substantial risk of serious psychological and physiological harm." ECF Doc. 1 at 14 (punctuation cleaned up). These claims are, however, vague and without factual support. Thus, they cannot meet the imminent danger of serious physical injury requirement. *See McConico v. Allen*, No. CIV.A.08-0168-CG-C, 2008 WL 4079310, at *2 (S.D. Ala. Aug. 27, 2008) (rejecting vague allegations of physical injury from "psychological assaults" as failing to establish imminent danger).

Similarly, his conclusory allegation that being in closed management caused his "eyesight to deteriorate rapidly due to lack of outside exercise . . . and being outside" is insufficient to show imminent danger. *See id.* (quoting *Ball v. Allen,* 2007 WL 484547, at * 1 (S.D.Ala. Feb. 8, 2007) (Granade, J.) (unpublished) ("the mere fact that plaintiff has complained of medical issues does not 'presume imminent danger'")).

> **B.    Sussman's Allegations of Threats of Self-Harm and Attacks by Others Are Too Speculative and Generalized to Satisfy the Imminent Danger Exception to 28 U.S.C. § 1915(g)**

To fall within the imminent danger exception, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Allegations that "describe[ ] merely a hypothetical or speculative danger and fail[ ] to suggest that any specific threat has been made against plaintiff" are also insufficient. *Cole v. Tifft*, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (citing *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) (plaintiff's "vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury") and *Welch v. Selsky*, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("[t]he imminent danger an inmate faces ... must be real, and not merely speculative or hypothetical")).

Case No. 4:20cv367-WS-HTC

First, Sussman's allegations of a risk of self-harm are not specific or definite enough to meet the § 1915(g) exception. *See Waller v. Doe*, No. 3:19-CV-751-J-32JBT, 2019 WL 3219839, at *1 (M.D. Fla. July 17, 2019), *appeal dismissed sub nom. Waller v. Corr. Officer*, No. 19-13208-K, 2019 WL 6331582 (11th Cir. Sept. 27, 2019) (risk of self harm not imminent threat of serious physical injury despite previous attempted suicide as a result of the psychological trauma). Also, courts have recognized that such a claim is inherently self-serving, difficult to verify, and subject to abuse: "Nor will this Court accept medically uncorroborated self-harm claims, since that obviously would enable *convicted criminals* to instantly neutralize the very public-resource protection that Congress enacted under § 1915(g)." *Smith v. Chatham Cty. Dist. Office*, No. CV416-069, 2016 WL 1128226, at *1 (S.D. Ga. Mar. 21, 2016), *report and recommendation adopted sub nom. Smith v. Chatham Cty. Dist. Office, Da's municipality*, No. CV416-069, 2016 WL 2347099 (S.D. Ga. May 3, 2016).

Second, Sussman's allegations of a risk of attacks by other inmates or guards are speculative, generalized and based only on past events. Although Plaintiff alleges, in conclusory fashion, that these prior acts show an "ongoing pattern of acts that [indicate he is in] imminent danger [of violence on CM at FSP]," they do not. *Id.* at 17; *see Porter v. Inch*, No. 4:20CV230-MW-HTC, 2020 WL 4018612, at *4 (N.D. Fla. June 19, 2020), *report and recommendation adopted*, No. 4:20CV230-MW/HTC, 2020 WL 4018283 (N.D. Fla. July 16, 2020) (rejecting plaintiff's

reliance on prior assaults by inmates at different institutions as insufficient to meet the imminent danger exception to § 1915(g)). These prior events involved different inmate attackers at different facilities. Indeed, Plaintiff does not allege that he has been attacked at Florida State Hospital, where he is currently incarcerated. *See Medberry v. Butler,* 185 F.3d 1189 (11th Cir. 1999) (holding that, to fall within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court). Thus, these allegations do not meet the imminent danger exception. *See id.* at 1193 ("a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute"); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (finding that the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger").

Likewise, Plaintiff's allegation that there is a "conspiracy between several FSP officers and inmates known as 'Indio/99' and Donald 'Cave Man' Richardson to allow said inmates to access Sussman to murder him in retaliation for his so-called sex offender status" is insufficient to establish imminent harm. ECF Doc. 1 at 20. *See Taylor*, 2009 WL 1758801, at *2 (holding that plaintiff's allegations of being labeled a "snitch" by defendant did not invoke the imminent danger exception because "[t]his exception ... require[s] *specific* allegations of present imminent danger that may result in serious physical harm"). Such allegations are merely

Case No. 4:20cv367-WS-HTC

conclusory, non-specific, and insufficient to establish "imminent harm" under 28 U.S.C. § 1915. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that general allegations that are not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)); *Coleman v. Department of Corrections,* 2008 WL 2474635, at *3 (N.D. Fla. June 13, 2008) (unpublished) (finding the allegation of fear for safety because he had been assaulted more than once to be a generalized allegation not founded on specific facts that indicated a physical injury is imminent).

## IV.   CONCLUSION

The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has not shown that any such circumstances exist here. Plaintiff is thus a three-striker who is not entitled to proceed *in forma pauperis*. Therefore, his case should be dismissed. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Moreover, a *sua sponte* dismissal is appropriate here because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be

Case No. 4:20cv367-WS-HTC

dismissed and gives Plaintiff the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is ORDERED:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

And it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g).

2. The clerk be directed to close this file.

At Pensacola, Florida, this 18th day of August, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to

challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:20cv367-WS-HTC